Linda M. Tirelli, Esq.
TIRELLI LAW GROUP, LLC
50 Main Street, Suite 1265
White Plains, New York 10606
914-732-3222
LTirelli@TW-Lawgroup.com

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

IN RE:

      GONZALO J. DUNIA,

             DEBTOR.

-------------------------------------------------------------X

SOLO GROUP, LLC,

           MOVANT,

v.

GONZALO J. DUNIA,

         RESPONDENT.

-------------------------------------------------------------X

**CHAPTER 13**

**CASE NO. 18-13541-CGM**

**SUPPLENMENTAL OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

### DEBTOR'S SUPPLEMENTAL OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY SOLO GROUP, LLC

**NOW COMES** Debtor, Gonzalo J. Dunia ("Debtor" or "Dunia"), by and through his litigation attorney of record, Linda M. Tirelli, Esq., pursuant to Section 362 of Title 11 of the United States Code, and hereby files his supplemental objection to the Motion for Relief from the Automatic Stay filed by Movant, Solo Group, LLC ("Movant" or "Solo Group"), and respectfully moves the court for a preliminary hearing on all issues raised by the allegations set forth therein. Debtor denies that Movant has established sufficient grounds to justify the entry of an order granting it relief from the automatic stay, and further denies all allegations presented in said motion.

1.     Upon information and belief, on or about June 30, 2007, Derek Harris ("Harris") purchased

real property located at 787 Dawson Avenue in Bronx, New York ("the Property"),

financing the purchase by giving a $556,524.00 promissory note, secured by a mortgage,

to Hogar Mortgage and Financial Services, Inc. ("Hogar Mortgage and Financial

Services").

2.     Based upon information and belief, the Debtor and Mr. Harris were both involved in

1

applying for the mortgage loan and the loan broker at the time advised the two men to appear at the closing. The Debtor was the sole source of funds for the down payment on the loan and was encouraged to bring in a co-signer to assist with obtaining financing.

3.     The Debtor in fact did appear at the closing on or about June 20, 2007 when it was realized the deed was not prepared with his name. Based upon information and belief, the Debtor was advised to continue with the closing and that the property could be transferred to him soon after.

4.     Harris transferred the deed to the Property to the Debtor on or about July 3, 2007 via deed which was recorded on August 3, 2007. (See attached **Exhibit A**) Mr. Dunia remains the owner of the Property today and the public record has never been concealed from the lender or any of its successors.

5.     Upon information and belief, on or about July 17, 2008, Countrywide Home Loans, Inc., filed an action in the Bronx County Supreme Court against Debtor, seeking to foreclose on the Property ("state court foreclosure action"); said matter was assigned Index No. 381387/2008. The summons and complaint made available online by the Bronx County Clerk's Office do not include any financial documents, i.e., a promissory note, mortgage, or such other related recordations as either exhibits or attachments.

6.     On or about July 28, 2018, the supreme court entered an Order of Judgment of Foreclosure and Sale in the state court foreclosure action for a substitute plaintiff, **"Solo Group LLC, Series 9"**. It remains unclear exactly how or when Countrywide transferred the Note to a third party and how or when the foreclosure plaintiff became the note holder. More importantly, the undersigned searched the state court docket and found no order approving a substitution of plaintiff from Countrywide Home Loans Inc. to Solos Group Series 9.

2

7.  On or about August 31, 2018, Debtor filed a Notice of Appeal in the First Judicial Department; said appeal is still pending.  The Court should note that as per NYS CPLR 5519 the foreclosure case is stayed in the state court.

8.  On or about November 14, 2018, Debtor filed a voluntary petition for relief under Chapter 13 ("Chapter 13 case") in the United States Bankruptcy Court for the Southern District of New York; said matter was assigned Case No. 18-13541 and placed on the docket of this Court.

9.  On or about November 14, 2018, the Chapter 13 Plan was filed.

10. A bar date of January 23, 2019, was set for filing proofs of claim.

11. As of the date and time of this supplemental objection, the Movant, "Solo Group Inc" has not filed a proof of claim in Debtor's instant Chapter 13 case.

12. On January 11, 2019, Movant, "Solo Group Inc." filed a Motion for Termination of Automatic Stay.  The Debtor avers that the judgement creditor named in the Judgment is "Solo Group LLC Series 9" which is different party from the named Movant, "Solo Group LLC".

13. The Debtor is without knowledge as to any affiliation between "Solo Group LLC" and "Solo Group LLC Series 9" as the moving party fails to explain the lack of identicality between two.

14. Movant is asserting the following: there is a lack of adequate protection and  no equity in the Property.  Movant further asserts the Property was transferred to Debtor without notice to creditors.  This is peculiar because there is no connection between the named movant and the documents filed in support of its motion and no mention as to how or when the Debtor or borrower ever became obliged to notify Solo Group LLC or Solo Group LLC

3

768

Series 9.

15.   As set forth below, the version of the note offered in the state court is not identical to that offered in this Bankruptcy Court.  The has been a bait and switch and fraud committed on this court.

16.   Movant seeks to lift the stay to proceed with the state court foreclosure action, making no mention of the fact that Debtor's appeal of the supreme court's Order of Judgment in Foreclosure and Sale remains pending in the First Department.

17.   Movant attached the following exhibits, _inter alia_, to its motion:

- Declaration by Matthew Soloff, Managing Member of Solo Group, LLC ("Soloff Declaration"), setting forth amounts pertaining to a variety of different alleged types of indebtedness, including but not limited to, i.e., a claim of pre and post petition indebtedness in the amount of $1,133.840.00 and Movant's self-reported valuation of the Property estimated at $750,000.00; and includes the following certification language:

  > I CERTIFY THAT THE INFORMATION PROVIDED IN THIS FORM AND/OR ANY EXHIBITS ATTACHED TO THIS FORM (OTHER THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED BY PARAGRAPHS 1, 2 AND 3, IMMEDIATELY ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE TINE OF OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A PERSON WITH KNOWLEDGE OF THOSE MATTERS, WERE KEPT IN COURSE OF THE REGULARLY CONDUCTED ACTIVITY; AND WERE MADE BY THE REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

- an image of a document that purports to be a promissory note allegedly involving Harris (identified as "Borrower") and Hogar Mortgage and Financial Services (identified as "Lender"); dated June 30, 2007, for the amount of $566,524.00;

4

consists of a total of two pages; contains one endorsement from Hogar Mortgage and Financial Services executed by its banking officer, Francesca A. Badolato, to Countrywide Bank, FSB, and a purported subsequent endorsement from Countrywide Bank, FSB, executed by its senior vice-president, Laurie Meder, to Countrywide Home Loans, Inc. (attached hereto as "**Exhibit B**");

- images of documents purporting to be assignments involving the Property and filed in the Clerk of Courts for Bronx County:
  - Assignment of Note and Mortgage dated June 30, 2007, and recorded on July 31, 2008, from MERS "acting solely as a nominee for Hogar Mortgage and Financial Services, Inc., * * * sold, assigned and transferred unto [Countrywide Home Loans, Inc.], its successors and/or assigns, all of its right, title and interest in and to the Note & Mortgage" to Countrywide Home Loans, Inc. (Doc. No. 13-3, "Exhibit C");
  - Assignment of Note and Mortgage dated October 30, 2012, and recorded on February 25, 2013, from Countrywide Home Loans, Inc., to Bank of America, NA (Doc. No. 13-4, "Exhibit D");
  - Assignment of Note and Mortgage dated April 17, 2013, and recorded on September 24, 2013, from Bank of America, NA, to Secretary of Housing and Urban Development (Doc. No. 13-5, "Exhibit E");
  - Assignment of Note and Mortgage dated April 17, 2013, and recorded on February 25, 2013, from Secretary of Housing and Urban Development to Kondaur Capital Corporation, as Separate Trustee for Matawin Ventures Trust Series 2012-3 (Doc. No. 13-5, "Exhibit F"); and

5

    o  Assignment of Note and Mortgage dated December 4, 2013, and recorded on December 18, 2013, from Kondaur Capital Corporation, as Separate Trustee for Matawin Ventures Trust Series 2012-3, to Solo Group, LLC, Series 9 (Doc. No. 13-6, "Exhibit G").

18.    The image of the document pretending to be the promissory note executed by Harris appears to the naked eye to be the same imaged document that Movant proffered in support of its motion objecting to Debtor's request for lost mitigation (attached hereto as "**Exhibit C**").

19.    The Court should note that the Movant has TWICE presented a note specifically indorsed to a third party and **not** to itself in this court.  How is it this Movant Solo Group LLC  a lienholder, if the evidence of the alleged debt is specifically indorsed to a third party?

20.    Of critical import, however, is that the image of the document pretending to be the promissory note executed by Harris that was filed in the state court foreclosure action (attached hereto as "**Exhibit D**") is **NOT THE SAME** imaged document of the so-called promissory note that Movant filed in this Court and attached to the instant motion for relief as well as its motion objecting to Debtor's request for loss mitigation, both of which were submitted as supportive, demonstrative evidence of Movant's holder status.

21.    Indeed, the purported promissory note filed in the state court foreclosure action contains an additional page with what purport to be **additional indorsements**, which inexplicably do not appear on the bogus documents filed in this action.  The added page presented in the state court include purported indorsements as follows: first, from Countrywide Home Loans, Inc., to Countrywide Home Loans Servicing, LP; second, from Countrywide Home Loans Servicing, LP, to Bank of America, NA; and third, endorsed in blank by Bank of

6

America, NA.  Each one of those endorsements were signed by Michele Sjolander and, as each endorsement indicates, she signed each in her professional capacity as Executive Vice-President of Countrywide Home Loans, Inc., Countrywide Home Loans Servicing, LP, and Bank of America, NA – a position that she held simultaneously, not to mention, magically.

22.     There is nothing offered by the Movant Solo Group LLC to indicate that it acquired the additional page along with an original note. The Debtor avers that discovery is required and the Movant should produce the complete original wet-ink note it alleges to have in its possession.

23.     Movant has submitted bogus documents to demonstrate its holder status, a pre-requisite to standing.  Although Movant has utterly failed in that regard, it has fully succeeded in self-exposing the fraud that it perpetrated on this Court, Debtor, the Trustee, and all interested parties herein.

## FAILURE TO BRING MOTION IN THE NAME OF THE REAL PARTY IN INTEREST, LACK OF STANDING, AND THE PERPETRATION OF FRAUD ON THE COURT

24.     The promissory note at issue has not been validly acquired by Movant; indeed, there has been no proffer of documents in this matter that would even remotely suggest otherwise.

25.     Nor is there any evidence before this Court that Movant is the current holder or owner of said promissory note.

26.     Succinctly stated, Movant has failed to meet its burden to establish that it was a party in interest with standing at the time that it moved this Court to lift the stay.

27.     Nor is there any evidence in the record that identifies the true holder and/or assignee of the promissory note at issue.

7

28.   The named plaintiff on the order of Judgement of Foreclosure is "Solo Group LLC Series 9" a party not identical to the instant Movant "Solo Group LLC". (see attached **Exhibit E**) Discovery is required to decipher if the Movant is truly the judgment creditor.

29.   The Movant offers nothing to show an assignment of the judgment ever occurred.

## LEGAL ARGUMENT

30.   Debtor avers that the documentation in support of the instant motion fails. There is nothing in the record to indicate that Soloff, his Declaration notwithstanding, ever saw or reviewed the original Note or bothered to compare the imaged documents it has been parading around in different court filings.

31.   There are no lawful apparent answers to the plethora of questions generated by the purported versions of the promissory note offered to this court and in the state court foreclosure action.

32.   "'Standing is a threshold issue for a court to resolve." In re Idicula, 484 B.R. 284, 288 (Bankr. S.D.N.Y. 2013) (citation omitted). "A lift stay motion cannot be brought by a stranger to the case." In re Sterling, 2018 WL 313085 at *3 (Bankr. S.D.N.Y. Jan. 5, 2018) (quoting In re Escobar, 457 B.R. 229, 236 (Bankr. S.D.N.Y. 2011)). It is well settled that under section 363(d), a request to lift the automatic stay must be made by a "party in interest." In re Lippold, 457 B.R. 293, 296 (Bankr. S.D.N.Y. 2011). While the term "party in interest" is not defined in the Bankruptcy Code, the Second Circuit has stated that "in order to invoke the court's jurisdiction to obtain relief from the automatic stay, the moving party [must] be either a creditor or a debtor." In re Mims, 438 B.R. 52, 55 (Bankr. S.D.N.Y. 2010) (citing In re Comcoach, 698 F.2d 571, 573 (2d Cir. 1983))." In re Garcia, 584 B.R. 483 (Bankr.S.D.N.Y. 2018) (internal citations in original).

8

33.     To meet the definition of "creditor" in Section 101(10) of the Bankruptcy Code, an entity must have "a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(1)(A).  The Code defines a "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured...." 11 U.S.C. § 101(5)(A).

34.     Courts have made clear that an entity can demonstrate a "right to payment" by showing that it holds the ability to seek the state law remedy of foreclosing on a property. *See, e.g.,* In re Mims, 438 B.R. 52, 56 (Bankr.S.D.N.Y. 2010).

35.     In New York, a plaintiff has standing to commence a mortgage foreclosure action `where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced.'" See, e.g., In re Lippold, 457 B.R. at 296-297 (quoting Bank of N.Y. v. Silverberg, 86 A.D.3d 274, 926 N.Y.S.2d 532, 536 (2d Dep't 2011)). "While the transfer of the mortgage without the promissory note is a nullity, once a promissory note is transferred from assignor to assignee, `the mortgage passes as an incident to the note.'" *Id.* at 297 (quoting Silverberg, 926 N.Y.S.2d at 537).

36.     And, pursuant to New York law, an entity can prove it is the holder of a note in several ways, for example, by proffering "evidence of proof of a written assignment of the Note," or "by demonstrating that [it] has physical possession of the Note endorsed over to it." In re Escobar, 457 B.R. at 240 (citation omitted); see also Mims, 438 B.R. at 56.

37.     "Transfer of a note may be accomplished through an allonge firmly affixed to the note. See In re Sterling, 2018 WL 313085, at *4 (citations omitted).  If a note is endorsed in blank, the movant must show that it, or the party on whose behalf it acts, has possession of the

9

original note endorsed in blank. See Idicula, 484 B.R. at 287, 289; In re Garcia, 584 B.R. at 488.

38.     In addition to demonstrating that it has standing, to prevail on a motion to lift or modify an automatic stay, the moving party must establish its prima facie case that there is cause to lift the stay. Once the creditor makes a prima facie case, the burden shifts to the debtor on all other issues. In re Garcia, 584 B.R. at 488, 489.

39.     Here, Movant's motion fails to establish that it is a "party in interest" pursuant to 11 U.S.C. 362(d) or that it has standing to enforce its alleged right to foreclose on the Property.  The sham promissory note offered in the state court foreclosure action should but does not mirror the same offered by Movant in this Court.  There is NO affidavit or declaration (or any document submitted in support of the Motion) that demonstrates Movant holds the original promissory note endorsed to it specifically or in blank.

40.     To the extent that Movant argues that it holds the original promissory note, the explanation regarding its history of possession is woefully inadequate: "Movant directly or through its agent has been in possession of the original note since its physical delivery to Movant prior to the commencement of the action.  As such, the Note and Mortgage is now held by the Movant."[1]  There is **no conceivable** way that Movant held the promissory note at issue when the state court foreclosure action was commenced in 2008 – none whatsoever.  That factual impossibility is further highlighted by In re Silverberg and cases construing it, which have thoroughly established that MERS lacks the capacity to assign a promissory note; thus, it would appear that it is also legally impossible for Movant to have acquired its

---

[1] Motion at ¶14.

alleged holder status because it relies on MERS transfer of the promissory note at issue, which occurred at the outset of the attempted assignments in this matter.

41. The case of <u>In re Mims</u> held that the alleged creditor in that case, Wells Fargo, lacked standing to seek relief from the automatic stay because it failed to establish its ownership of a promissory note given with a mortgage, failing to provide the requisite evidence that "the Note was physically delivered or assigned pursuant to a written agreement." 438 B.R. at 56.

42. As applied herein, Movant has likewise not established standing to lift the automatic stay due to its utter failure to provide this Court with sufficient evidence that it enjoys the status of Note owner or holder.

43. There can hardly be any dispute that the <u>real party in interest</u> in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the <u>owner</u> of a note.  Thus, because the identity of the actual note holder herein is not ascertainable, Movant does not have the requisite standing to seek the relief sought.

44. The Assignments of Mortgage presented by Movant are fictitious and fraudulent, and raise more questions than they do provide answers as to validity and authenticity, as well as chain of possession.  Debtor submits that Movant proffered these bogus documents, which logic and reason dictate may very well have been manufactured for the purpose of inducing reliance with intent to defraud this Court, Debtor, the Trustee, and all other parties affected by the instant bankruptcy case.

45. Moreover, Movant makes no real assertions regarding a perceived injury, which it knows full-well to be a requirement for lifting the stay.  Indeed, Movant had the burden to identify

any direct injury or threat of injury to itself or by joining a real party in interest, and it failed to meet that burden.

46.     Even if Movant were entitled to the relief it seeks, i.e., lifting the stay to proceed with the state court foreclosure action, this Court cannot provide **Movant the relief that it seeks -** Debtor's appeal of the Order and Judgment of Foreclosure and Sale, which is still pending, divested the supreme court of jurisdiction over the matter.  Thus, Movant cannot take any action in the state court foreclosure case because that matter is stayed in the supreme court pending resolution of the appeal to the First Department.

47.     Movant has failed to demonstrate that it has any stake in the ownership of the promissory note at issue, as either a holder or an owner.   Any attempt by Movant to insinuate that it is the owner or holder of said note has been by way of fraudulent and misleading documents, which establish sanctionable conduct and not holder status.

**WHEREFORE,** Debtor prays of the Court as follows:

A.      That Movant's Motion for Relief from Stay be **DENIED;**

B.      That Movant, along with other parties identified in the bogus documents and assignments filed herein, be precluded from further filings that seek enforcement of said note and/or seek to lift the automatic stay;

C.      That Debtor has recovery and can recover against Movant a sum to be determined by this Court in the form of actual damages;

D.      That Debtor has recovery and can recover against Movant a sum to be determined by the Court in the form of statutory damages;

12

E.    That Debtor has recovery and can recover against Movant a sum to be determined by the

      Court for punitive damages;

F.    That Debtor has recovery and can recover against Movant a sum to be determined by the

      Court all legal fees and expenses incurred; and

G.    That Debtor be awarded such other and further relief as this Court may deem just and

      proper.


**DATED: May 3, 2019**          By:    /s/Linda M. Tirelli, Esq.
                                       Tirelli Law Group, LLP
                                       50 Main Street, Suite 1265
                                       White Plains, N.Y. 10606
                                       Phone: 914-732-3222
                                       Email: LTirelli@TW-LawGroup.com

13

778

# EXHIBIT "A"

## DEBTOR'S DEED

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City
Register will rely on the information provided
by you on this page for purposes of indexing
this instrument. The information on this page
will control for indexing purposes in the event
of any conflict with the rest of the document.

2007072700879001001E25DC

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 4 |
|---|---|

| Document ID: 2007072700879001 | Document Date: 07-03-2007 | Preparation Date: 07-27-2007 |
|---|---|---|
| Document Type: DEED | | |
| Document Page Count: 3 | | |

**PRESENTER:**
PAUL A. WALTERS, ESQ.,
3400 TIEMANN AVENUE
BRONX, NY 10469
718-231-1043
paulawalters@verizon.net

**RETURN TO:**
PAUL A. WALTERS, ESQ.,
3400 TIEMANN AVENUE
BRONX, NY 10469
718-231-1043
paulawalters@verizon.net

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 2695 | 27 | Entire Lot | 787 DAWSON STREET |

Property Type: DWELLING ONLY - 2 FAMILY

**CROSS REFERENCE DATA**

CRFN_____ or Document ID_____ or _____ Year ____ Reel ____ Page ____ or File Number_____

**PARTIES**

**GRANTOR/SELLER:**
DAREK HARRIS
787 DAWSON STREET
BRONX, NY 10455

**GRANTEE/BUYER:**
GONZALO J. IXINIA
502 JACKSON AVENUE
BRONX, NY 10455

**FEES AND TAXES**

| | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage | | | | | |
| Mortgage Amount: | $ | 0.00 | | $ | 75.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 32.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed      08-03-2007 11:33
City Register File No.(CRFN):
                          2007000400655

*Janette M Hill*

**City Register Official Signature**

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT - THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

THIS INDENTURE, made the     3RD     day of     JULY     .     2007

BETWEEN
DAREK HARRIS RESIDING AT 787 DAWSON STREET, BRONX, NEW YORK 10455

party of the first part, and
GONZALO J. DUNIA, RESIDING AT 502 JACKSON AVENUE, BRONX, NEW YORK 10455

party of the second part,
WITNESSETH, that the party of the first part, in consideration of
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX10.00  dollars
paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs
or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate,
lying and being in the

SEE SCHEDULE "A" ATTACHED

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads
abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all
the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the
premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of
the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything
whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the
first part will receive the consideration for this conveyance and will hold the right to receive such consideration
as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same
first to the payment of the cost of the improvement before using any part of the total of the same for any other
purpose. The word "party" shall be construed as if it read "parties" when ever the sense of this indenture so
requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above
written.

IN PRESENCE OF:

_____            _____
                                   DAREK HARRIS

Standard N.Y.B.T.U. Form 8002 - Bargain and Sale Deed with Covenant against Grantor's Acts - Uniform Acknowledgment
Form 3290

781



TO BE COMPLETED ONLY WHEN THE ACKNOWLEDGEMENT IS MADE IN NEW YORK STATE

State of New York, County of BRONX        ss.:        State of New York, County of

On the 3RD day of JULY        in the year 2007        On the        day of        in the year
before me, the undersigned, personally appeared        before me, the undersigned, personally appeared
DAREK HARRIS

personally known to me or proved to me on the basis of        personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is        satisfactory evidence to be the individual(s) whose name(s) is
(are) subscribed to the within instrument and acknowledged to        (are) subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their        me that they executed the same in his/her/their
capacity(ies), and that by his/her/their signature(s) on the        capacity(ies), and that by his/her/their signature(s) on the
instrument, the individual(s), or the person upon behalf of which        instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument.        the individual(s) acted, executed the instrument.

(Signature and office of individual taking acknowledgment)        (Signature and office of individual taking acknowledgment)

PAUL A. WALTERS
Notary Public, State of New York
No.02WA4973145
Qualified in Bronx County
Commission Expires 02/10/04        SEAL

TO BE USED ONLY WHEN THE ACKNOWLEDGMENT IS MADE OUTSIDE NEW YORK STATE

State (or District of Columbia, Territory, or Foreign Country) of        ss.:

On the        day of        in the year        before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and
that by his/her/their signature(s) on the instrument, the individual(s), of the person upon behalf of which the individual(s) acted,
executed the instrument, and that such individual made such appearance before the undersigned in the

(Insert the City or other political subdivision)        (and Insert the State or Country or other place the acknowledgment was taken)

(Signature and office of individual taking acknowledgment)

DISTRICT

SECTION

BLOCK        2895

LOT        27

COUNTY OR TOWN BRONX

STREET ADDRESS 787 DAWSON STREET

**BARGAIN AND SALE DEED**
WITH COVENANT AGAINST GRANTOR'S ACTS

Title No.
DAREK HARRIS

TO

GONZALO DURAN

Recorded at Request of
THE JUDICIAL TITLE INSURANCE AGENCY LLC

RETURN BY MAIL TO:

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS

Distributed by
THE JUDICIAL TITLE INSURANCE AGENCY LLC
300 MAIN BRONX AVENUE
HARRISON, NY 10528
914-381-6700 • 914-381-1511 Fax

PAUL A. WALTERS, ESQ.,
3400 TIEMANN AVENUE
BRONX, NEW YORK 10469
TEL: 718-231-1043

**Record & Return Title Agency, Inc.**

Old Republic National Title Insurance

**Schedule A Description**

Title Number RR-B-19411-07

Page   1

ALL that certain plot, piece or parcel of land situate lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Northwesterly side of Dawson Street, distant 125 feet Southwesterly from the corner formed by the intersection of the Northwesterly side of Dawson Street with the Southwesterly side of Longwood Avenue;

RUNNING THENCE Northwesterly parallel with Longwood Avenue and for part of the distance through a party wall, 100 feet;

THENCE Southwesterly parallel with Dawson Street, 25 feet;

THENCE Southeasterly parallel with Longwood Avenue, 100 feet to the Northwesterly side of Dawson Street;

THENCE Northeasterly along the Northwesterly side of Dawson Street, 25 feet to the point or place of BEGINNING.

☐ Premises is or will be improved by a 1 or 2 family dwelling.

☑ Premises improved with 1 or more structures containing 6 or less residential units, each with its own cooking facility.

☐ Premises not as described above.

For conveyancing only, if conveyed at all to convey, (Together with all rights, title and interest of, in and to any streets and roads abutting the above described premises, to the center line thereof.)

# EXHIBIT "B"

## VERSION OF NOTE OFFERED WITH MOTION FOR RELIEF FROM STAY

MIN:                                        Loan Number:

## NOTE

FHA CASE NO.
374-4609578

JUNE 30, 2007
[Date]

787 DAWSON STREET, BRONX, NEW YORK 10455
[Property Address]

**1. PARTIES**
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means
ROYAL MORTGAGE AND FINANCIAL SERVICES, INC., A NEW JERSEY CORPORATION
(CFL # 1047168)
and its successors and assigns.

**2. BORROWER'S PROMISE TO PAY; INTEREST**
In return for a loan received from Lender, Borrower promises to pay the principal sum of    FIVE HUNDRED
SIXTY-SIX THOUSAND FIVE HUNDRED TWENTY-FOUR AND 00/100                         Dollars
(U.S.$ 566,524.00          ), plus interest, to the order of Lender. Interest will be charged on unpaid principal,
from the date of disbursement of the loan proceeds by Lender, at the rate of            SEVEN AND 500/1000
percent (     7.500  %) per year
until the full amount of principal has been paid.

**3. PROMISE TO PAY SECURED**
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same
date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might
result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**
(A)   Time.
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning
on      AUGUST 1, 2007                          . Any principal and interest remaining on the first day of
JULY 1, 2037                      , will be due on that date, which is called the "Maturity Date."

(B)   Place
Payment shall be made at    20 CRAIG ROAD, MONTVALE, NEW JERSEY 07645

or at such other place as Lender may designate in writing by notice to Borrower.

(C)   Amount
Each monthly payment of principal and interest will be in the amount of U.S.$ 3,961.22
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal,
interest and other items in the order described in the Security Instrument.

(D)   Allonge to this Note for Payment Adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the
allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part
of this Note. [Check applicable box.]

☐ Growing Equity Allonge        ☐ Graduated Payment Allonge
☐ Other [specify]

**5. BORROWER'S RIGHT TO PREPAY**
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first
day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid
for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower
makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender
agrees in writing to those changes.

Borrower Initials:  _____  _____  _____  _____  _____
MULTISTATE-FHA FIXED RATE NOTE (6/96)
Document Systems, Inc. (800) 649-1362                    Page 1 of 2

6.  BORROWER'S FAILURE TO PAY

(A)   Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of TWO AND 000/1000                                                        percent (    2.000  %) of the overdue amount of each payment.

(B)   Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

(C)   Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

7.   WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

8.   GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in the first paragraph of this Note or at a different address if Borrower is given a notice of that different address.

9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 and 2 of this Note.

_____ (Seal)          _____ (Seal)
DRAGOS V. BADGLES              -Borrower                                    -Borrower

_____ (Seal)          _____ (Seal)
                              -Borrower                                    -Borrower

_____ (Seal)          _____ (Seal)
                              -Borrower                                    -Borrower

PAY TO THE ORDER OF
WITHOUT RECOURSE                     Countrywide Bank, FSB
HGAM HOME LOANS & FINANCIAL SERVICES, INC.
A NEW YORK CORPORATION

FRANCESCA A. BADOLATO
BANKING OFFICER

PAY TO THE ORDER OF
Countrywide Home Loans, Inc.

BY _____

SENIOR VICE PRESIDENT

# EXHIBIT "C"

## VERSION OF NOTE OFFERED WITH OBJECTION TO LOSS MITIGATION

*DOC 30*
*—Objection to Request for Loss Mit*

MIN: 1000770-0000006092-7                    Loan Number: 6392

# NOTE

| FHA CASE NO. |
| --- |
| 374-4609578 |

JUNE 30, 2007
[Date]

787 DAWSON STREET, BRONX, NEW YORK 10455
[Property Address]

## 1.   PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means HOGAR MORTGAGE AND FINANCIAL SERVICES, INC., A NEW JERSEY CORPORATION (CFL # L047168)

and its successors and assigns.

## 2.   BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of    FIVE HUNDRED SIXTY-SIX THOUSAND FIVE HUNDRED TWENTY-FOUR AND 00/100                            Dollars (U.S.$ 566,524.00         ), plus interest, to the order of Lender.  Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of    SEVEN AND 500/1000

percent (     7.500 %) per year until the full amount of principal has been paid.

## 3.   PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4.   MANNER OF PAYMENT

(A)   Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on    AUGUST 1, 2007                                . Any principal and interest remaining on the first day of JULY 1, 2037                             , will be due on that date, which is called the "Maturity Date."

(B)   Place
Payment shall be made at   20 CRAIG ROAD, MONTVALE, NEW JERSEY 07645

or at such other place as Lender may designate in writing by notice to Borrower.

(C)   Amount
Each monthly payment of principal and interest will be in the amount of U.S. $  3,961.22                    .
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

(D)   Allonge to this Note for Payment Adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box.)

☐ Growing Equity Allonge                    ☐ Graduated Payment Allonge

☐ Other [specify]

## 5.   BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

Borrower Initials: _____   _____   _____   _____   _____

MULTISTATE-FHA FIXED RATE NOTE (6/96)
Document System, Inc. (800) 649-1362                    Page 1 of 2

788

**6.   BORROWER'S FAILURE TO PAY**

   (A)   Late Charge for Overdue Payments

   If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of TWO AND 000/1000                                                                percent (          2.000 %) of the overdue amount of each payment.

   (B)   Default

   If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest.  Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default.  In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults.  This Note does not authorize acceleration when not permitted by HUD regulations.  As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

   (C)   Payment of Costs and Expenses

   If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law.  Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.   WAIVERS**

   Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor.  "Presentment" means the right to require Lender to demand payment of amounts due.  "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.   GIVING OF NOTICES**

   Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

   Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

   If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  Lender may enforce its rights under this Note against each person individually or against all signatories together.  Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 and 2 of this Note.

_____ (Seal)          _____ (Seal)
DAREK J. HARRIS                  -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                 -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                 -Borrower                                          -Borrower

PAY TO THE ORDER OF
WITHOUT RECOURSE                                 Countrywide Bank, FSB
HOGAR MORTGAGE & FINANCIAL SERVICES, INC.
A NEW JERSEY CORPORATION
SOVEREIGN BANK, ATTORNEY IN FACT
BY: _____

FRANCESCA A. BADOLATO                            PAY TO THE ORDER OF
BANKING OFFICER                                  Countrywide Home Loans, Inc.
                                                 WITHOUT RECOURSE
                                                 COUNTRYWIDE BANK, FSB

                                                 BY _____
                                                    LAURIE MEDER
                                                    SENIOR VICE PRESIDENT

MULTISTATE-FHA FIXED RATE NOTE (5/96)

Document Systems, Inc. (800) 649-1362          Page 2 of 2

# EXHIBIT "D"

## VERSION OF NOTE OFFERED WITH
## 2008 FORECLOSURE COMPLAINT

*Foreclosure*

FILED Dec 30 2013 Bronx County Clerk
CRPRDNRBS464          3/28/2012 4:16:16 PM   PAGE   48/079   888-294-5658

MIN: 1000770-0000006092-7                     Loan Number: 6092

# NOTE

| FHA CASE NO. |
|---|
| 374-4609578 |

JUNE 30, 2007
[Date]

787 DAWSON STREET, BRONX, NEW YORK 10455
[Property Address]

**1. PARTIES**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means HOGAR MORTGAGE AND FINANCIAL SERVICES, INC., A NEW JERSEY CORPORATION (CFL # L047168)

and its successors and assigns.

**2. BORROWER'S PROMISE TO PAY; INTEREST**

In return for a loan received from Lender, Borrower promises to pay the principal sum of   FIVE HUNDRED SIXTY-SIX THOUSAND FIVE HUNDRED TWENTY-FOUR AND 00/100                Dollars (U.S.$ 566,524.00        ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of   SEVEN AND 500/1000
percent (     7.500 %) per year

until the full amount of principal has been paid.

**3. PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**

(A)  Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on   AUGUST 1, 2007                                 . Any principal and interest remaining on the first day of JULY 1, 2037                              , will be due on that date, which is called the "Maturity Date."

(B)  Place

Payment shall be made at   20 CRAIG ROAD, MONTVALE, NEW JERSEY 07645

or at such other place as Lender may designate in writing by notice to Borrower.

(C)  Amount

Each monthly payment of principal and interest will be in the amount of U.S. $ 3,961.22
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

(D)  Allonge to this Note for Payment Adjustments

If an Allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box.)

☐ Growing Equity Allonge          ☐ Graduated Payment Allonge

☐ Other [specify]

**5. BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

Borrower Initials: _____  _____  _____  _____

MULTISTATE-FHA  FIXED RATE NOTE (6/96)
Document System, Inc. (800) 649-1362                          Page 1 of 2

792

FILED Dec 30 2013 Bronx County Clerk
CRPRDNRBS462          3/26/2012 4:16:16 PM   PAGE   50/079    888-294-5858

**6.  BORROWER'S FAILURE TO PAY**
(A)  Late Charge for Overdue Payments
If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of TWO AND 000/1000                           percent (     2.000 %) of the overdue amount of each payment.

(B)  Default
If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development, or his or her designee.

(C)  Payment of Costs and Expenses
If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.  WAIVERS**
Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.  GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.
Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 and 2 of this Note.

_Darek J. Harris_                    (Seal)                                            (Seal)
DAREK J. HARRIS                  -Borrower                                          -Borrower

_____           (Seal)                    _____      (Seal)
                                 -Borrower                                          -Borrower

_____           (Seal)                    _____      (Seal)
                                 -Borrower                                          -Borrower

PAY TO THE ORDER OF
WITHOUT RECOURSE                    Countrywide Bank, FSB
HOGAR MORTGAGE & FINANCIAL SERVICES, INC.,
A NEW JERSEY CORPORATION
SOVEREIGN BANK, ATTORNEY IN FACT
BY: _Francesca A. Badolato_

FRANCESCA A. BADOLATO
BANKING OFFICER

                                        PAY TO THE ORDER OF
                                    Countrywide Home Loans, Inc.
                                        WITHOUT RECOURSE
                                    COUNTRYWIDE BANK, FSB

                                    BY _Laurie Meder_
                                        LAURIE MEDER
                                        SENIOR VICE PRESIDENT

MULTISTATE-FHA  FIXED RATE NOTE (9/99)
DocucH System, Inc (800) 343-2862            Page 2 of 2

FILED  Dec 30 2013 Bronx County Clerk

PAY TO THE ORDER OF
COUNTRYWIDE HOME LOANS SERVICING LP
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC.

BY: *Michele Sjolander*

MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT.

PAY TO THE ORDER OF
BANK OF AMERICA, N.A.
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS SERVICING LP

BY: *Michele Sjolander*

MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT

PAY TO THE ORDER OF

WITHOUT RECOURSE
BANK OF AMERICA, N.A.

BY  *Michele Sjolander*

MICHELE SJOLANDER
SENIOR VICE PRESIDENT

794

# EXHIBIT "E"

## ORDER / DECISION REGARDING JUDGMENT OF FORECLOSURE

## "SOLO GROUP LLC SERIES 9"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: PART 3
-----------------------------------------------------------------x

SOLO GROUP LLC, SERIES 9,

Index No: 381387/08

                         Plaintiff,

**DECISION/ORDER**
**Present:**
**HON. MITCHELL J. DANZIGER**

     -against-

DAREK J. HARRIS, GONZALO DUNIA, NEW
YORK CITY PARKING VIOLATIONS BUREAU,
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, ANDREW WILLIAMS,
DEBORAH WILLIAMS, RICHARD WILLIAMS,
BARBRA WILLIAMS, WANDA NEWKIRK,
KENNETH NEWKIRK, JOSE MELEDEZ, JUNIOR
ROMAN, LINDA MATIAS, JESSICA MELENDEZ

                         Defendants,
-----------------------------------------------------------------x

| Recitation as Required by CPLR §2219(a): The following papers were read on this Motion for Summary Judgment | Papers Numbered |
| --- | --- |
| Notice of Motion by Extra Space, Affirmation, and Affidavits in Support with Exhibits............................................... | 1 |
| Affirmation in Opposition by Plaintiff.......................................... | 2 |
| Reply Affirmation in support by Extra Space................................... | 3 |

Upon the foregoing citied papers, the Decision/Order of this Court is as follows:

Motion by plaintiff, Solo Group LLC, Series 9 ("Solo Group") seeking summary judgment of foreclosure and sale is granted.

Cross-motion by defendant, Gonzalo Dunia ("Defendant") seeking to reargue a prior order of the Court is denied as more fully set forth herein below.

On May 22, 2017 Judge Schachner granted original plaintiff's, Countrywide Home Loans, Inc. ("Countrywide"), motion to appoint a referee and for summary judgment and denied defendant's cross-claims as Countrywide had established standing and legal capacity to sue by physical delivery and possession of the Note and Mortgage prior to commencement of the action.

-1-

Defendant's oppositions fails to raise a triable issue of material fact sufficient to defeat Countrywide's motion for an order of reference.

Subsequently, on December 5, 2017, this Court denied defendant's motion to reargue the prior order, as the motion presented no meritorious argument to establish that the Court overlooked or misapprehended the relevant facts or misapplied controlling principles of law. Based on the following, the Court, once again finds that no issue of material fact exists as to warrant changing its prior order that granted plaintiff's motion and denied defendant's cross-motion.

In this Court's previous decision, defendant attempted to reargue that a material issue of fact existed as to the assignment of the Note. Now, defendant argues that newly discovered evidence (only discovered upon review of Solo Group's instant motion) raises a triable issue of fact as to the assignment of the Note. However, after reviewing the subject note, the referee found that on June 30, 2007, the Note was executed by borrower was assigned to Hogar Mortgage and Financial Services. On July 13, 2007, the Mortgage with the Note executed by borrower to Electronic Registration Systems, Inc. as nominee for Hogar Mortgage and Financial Services, Inc. On July 11, 2008, there was an assignment of the Mortgage from Mortgage Electronic Registration Systems, Inc. as nominee for Hogar Mortgage and Financial Services, Inc. to Countrywide Home Loans, Inc. On October 30, 2012, the assignment of the Mortgage from Countrywide Home Loans, Inc. to Bank of America took place. On April 17, 2013 the assignment of the Mortgage from Bank of America to Secretary of Housing and Urban Development took place. Additionally on that date, the assignment of the Mortgage from Secretary of Housing and Urban Development to Kondaur Capital Corporation, as separate trustee for Matawin Ventures Trust Series. Finally, the assignment of the Mortgage from

Kondaur Capital Corporation, as separate trustee for Matawin Ventures Trust Series to Solo Group LLC, Series 9, the plaintiff making the instant application, took place on December 4, 2013. This is the trail of the record as found by the referee and the court hereby confirms said finding. Solo Group LLC, Series 9, has had possession of the Note and Mortgage since December 4, 2013. Since no issues of fact or law have been raised by defendant, this Court grants Solo Group's motion for summary judgment.

Based on the foregoing, the cross-motion is denied, and the motion is granted as more fully set forth in the attached judgment of foreclosure and sale.

Plaintiff shall serve a copy of this order and judgment upon all parties within 30 days of the entry date.

This constitutes the decision and judgment of the Court.

Dated: 7/23/19

Bronx, New York

HON. MITCHELL J. DANZIGER, J.S.C.

-3-

Linda M. Tirelli, Esq.
TIRELLI LAW GROUP, LLC
50 Main Street, Suite 1265
White Plains, New York 10606
914-732-3222
LTirelli@TW-Lawgroup.com

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

IN RE:

    **GONZALO J. DUNIA,**

       **DEBTOR.**

**CHAPTER 13**

**CASE NO. 18-13541-CGM**

-----------------------------------------------------------X

**SOLO GROUP, LLC,**

       **MOVANT,**

**v.**

**GONZALO J. DUNIA,**

       **RESPONDENT.**

-----------------------------------------------------------X

### CERTIFICATE OF SERVICE

Linda M. Tirelli, attorney for the debtor, hereby certifies to the Court as follows:

1.    I am not a party for the foregoing proceeding;
2.    I am not less than 18 years of age;
3.    I have this day served a copy of the foregoing: **DEBTOR'S SUPPLEMENTAL OBJECTION TO MOTION FOR RELIEF FROM STAY**

on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

| | |
|---|---|
| Hon. Chief Judge Cecelia G. Morris<br>United States Bankruptcy Court<br>355 Main Street<br>Poughkeepsie, New York 12601-3315 | KRISTA PREUSS, ESQ.<br>Chapter 13 Trustee<br>399 Knollwood Road, Suite 102<br>White Plains, NY 10603 |
| Richard Gertler, Esq.<br>GERTLER LAW GROUP, LLC<br>90 Merrick Avenue<br>Suite 400<br>East Meadow, New York 1154 | |

1

**DATED: May 3, 2019**        **By:**    <u>**/s/Linda M. Tirelli, Esq.**</u>
                                     TIRELLI LAW GROUP, LLC
                                     50 Main Street, Suite 1265
                                     White Plains, N.Y. 10606
                                     Phone: 914-732-3222
                                     Email: LTirelli@TW-LawGroup.com

1