UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | 20 Civ. 7484 (KPF) |
| GONZALO J. DUNIA, | Bankr. Case No. 18-13541 (CGM) |
| Debtor. | **OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

Gonzalo J. Dunia ("Appellant") filed a notice of appeal in the United States Bankruptcy Court for the Southern District of New York on August 26, 2020, and the appeal was docketed in this Court on September 11, 2020. (Dkt. #1). In brief, Appellant seeks review of the order of Chief United States Bankruptcy Judge Cecelia G. Morris granting the motion of Solo Group, LLC, Series 9 ("Appellee") for summary judgment and to lift the automatic stay in the underlying bankruptcy proceeding pursuant to 11 U.S.C. § 362(d)(1). For the reasons stated below, Appellant's appeal is DISMISSED as moot.

## BACKGROUND[1]

On November 14, 2018, Appellant filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. (Ex. #1). At issue in this appeal is a piece of real property located at 787 Dawson Street, the Bronx, New York (the "Property"). The record below discloses that non-party Darek Harris purchased

---

[1] The Court's consideration of this motion is limited to facts presented in the record below. *See In re Ampal-Am. Israel Corp.*, 554 B.R. 604, 617 (S.D.N.Y. 2016) ("[T]he district court may not consider evidence outside the record below."). Accordingly, the facts set forth in this Opinion are drawn from the record provided in Appellant's designation under Federal Rule of Bankruptcy Procedure 8009 (Dkt. #4) and the docket of the bankruptcy case, No. 18-13541 (CGM) (Bankr. S.D.N.Y.) ("Bankr. Dkt."). Citations to the record, which was designated by Appellant as a series of exhibits, will be referred to using the convention "Ex. [Number]."

the Property on June 30, 2007, and obtained a mortgage issued by Hogar Mortgage and Financial Services, Inc., which mortgage secured a note of indebtedness in the amount of $566,524.00 (the "Loan"). (Bankr. Dkt. #127-5). The mortgage encumbered the Property. (*Id.*). Three days later, on July 3, 2007, Harris transferred the property for minimal consideration by deed to Appellant. (*See* Bankr. Dkt. #127-12; *see also* Bankr. Dkt. #127-17)). At some point after the issuance of the mortgage and note, Appellee's predecessor-in-interest, Countrywide Home Loans, Inc. ("Countrywide"), obtained possession of the note of indebtedness. (*See* Bankr. Dkt. #127-17, 127-18). On September 1, 2007, the Loan went into default and Countrywide initiated foreclosure proceedings (the "Foreclosure Action") in New York State Supreme Court, Bronx County. (Bankr. Dkt. #127-14).

Appellant intervened in the Foreclosure Action (Bankr. Dkt. #127-15), and the trial court held that Appellee, as Countrywide's assignee, was entitled to enforce the Loan (Bankr. Dkt. #127-17). On appeal, the First Department affirmed. (Bankr. Dkt. #127-18). Following entry of judgment in favor of Appellee in the Foreclosure Action (Bankr. Dkt. #127-19), a foreclosure auction was scheduled but was stayed by Appellant's filing of the Chapter 13 petition (Bankr. Dkt. #127-3).

After the petition was filed, Appellee moved for summary judgment and to lift the automatic stay under Bankruptcy Code § 362(d)(1), (2), and (4) in order to complete the Foreclosure Action. (Ex. 2, 13). Generally speaking, the automatic stay prohibits creditors from enforcing against the debtor a

judgment obtained before the commencement of the bankruptcy proceedings, obtaining possession of a debtor's property, or perfecting or enforcing a lien against the property. *See* 11 U.S.C. § 362. Appellee argued, *inter alia*, that Appellant's failure to make post-petition mortgage payments constituted "cause" to lift the automatic stay. (*See* Bankr. Dkt. #127-1). Appellant countered that Appellee lacked standing to move to lift the automatic stay because it was not the proper holder of the note of indebtedness and could not enforce the Loan. (Ex. 17). Appellee responded that the state trial and appellate court decisions holding that Appellee was the holder of the note of indebtedness collaterally estopped Appellant from relitigating standing on these grounds, and that in any event it had submitted evidence sufficient to demonstrate standing to enforce the Loan. (*See* Bankr. Dkt. #127-1). On August 14, 2020, after oral argument, Judge Morris granted Appellee's motion, lifted the automatic stay, and granted Appellee leave to pursue an enforcement action against the Property. (*See* Ex. 19, 20, 22). On August 26, 2020, Appellant filed a notice of appeal with the Bankruptcy Court seeking appellate review of Judge Morris's order lifting the automatic stay. (Ex. 21).

The filing of the notice of appeal did not, however, stop all proceedings in the Bankruptcy Court. To the contrary, after notice and a hearing on December 3, 2020, the Bankruptcy Court entered an order on December 21, 2020, dismissing Appellant's Chapter 13 case under 11 U.S.C. § 1307(c) for failure to comply with 11 U.S.C. § 1325(a)(6), the latter of which requires a debtor to submit Chapter 13 plan payments to the bankruptcy trustee.

(Bankr. Dkt. #151; *see also* Bankr. Dkt. #154 (Chapter 13 Trustee's Final

Report and Account)). Appellant did not appeal the Bankruptcy Court's

dismissal of the case, nor can Appellant now pursue such an appeal, given the

14-day deadline set forth in Federal Rule of Bankruptcy Procedure 8002. *See*

Fed. R. Bankr. P. 8002.

## DISCUSSION

In the bankruptcy context, "Article III of the Constitution requires that

there be a live case or controversy so that the court can grant effective relief."

*In re Loral Space & Commc'ns, Ltd.*, 342 B.R. 132, 137 (S.D.N.Y. 2006) (citing *In

re Best Prods. Co.*, 68 F.3d 26, 29-30 (2d Cir. 1995); *In re Chateaugay Corp.*, 10

F.3d 944, 952 (2d Cir. 1993); *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d

Cir. 1993)). An appeal is also moot when "even though effective relief could

conceivably be fashioned, implementation of that relief would be inequitable."

*In re Chateaugay Corp.*, 988 F.2d at 325.

"Article III requires that '[when] an event occurs while a case is pending

on appeal that makes it impossible for the court to grant any effectual relief

whatever to a prevailing party, the appeal must be dismissed.'" *In re Best

Prods. Co., Inc.*, 68 F.3d at 30 (alteration in original) (quoting *Church of

Scientology of Cal.* v. *United States*, 506 U.S. 9, 12 (1992) (internal quotation

marks omitted)). As such, "[w]hen a bankruptcy case has been dismissed, and

that dismissal is not itself on appeal, an appeal of an interlocutory order of the

bankruptcy court in that case is moot." *Moss* v. *245 E. 25th Realty Corp.*,

No. 02 Civ. 7555 (SHS), 2003 WL 256780, at *2 (S.D.N.Y. Feb. 5, 2003)

("*Moss II*").

Appellant appealed the Bankruptcy Court's lift of the automatic stay and its decision granting summary judgment to Appellee (*see* Ex. 143), but never appealed the court's ultimate dismissal of his Chapter 13 petition (*see generally* Bankr. Dkt.). Pursuant to Section 362, any automatic stay terminates upon dismissal of the case. 11 U.S.C. § 362(c)(2)(B). Accordingly, even if the Bankruptcy Court had erred in lifting the automatic stay, this Court would be powerless to reinstate the stay because the underlying bankruptcy proceeding has been dismissed. *Accord In re Walerstein*, No. 07 Civ. 70893 (JBR), 2008 WL 795327, at *2 (E.D.N.Y. Mar. 24, 2008). Therefore, Appellant's appeal is moot. *See, e.g.*, *Booker* v. *Notice U.S. Tr.*, No. 20 Civ. 561 (VAB), 2021 WL 1178375, at *4-5 (D. Conn. Mar. 29, 2021) (dismissing bankruptcy appeal as moot where underlying bankruptcy case had been dismissed and debtor failed to appeal dismissal); *In re Lau*, No. 20 Civ. 1930 (ALC), 2021 WL 796619, at *4 (S.D.N.Y. Feb. 26, 2021) (same); *In re Walerstein*, 2008 WL 795327, at *2 (same); *Moss II*, 2003 WL 256780, at *2 (same); *Moss* v. *245 E. 25th Realty Corp.*, No. 01 Civ. 9318 (SHS), 2002 WL 31426204, at *1 (S.D.N.Y. Oct. 29, 2002) ("*Moss I*") (same).[2]

---

[2]    Even if Appellant's appeal were not moot, the Bankruptcy Court's order must be affirmed on the merits. This Court agrees with Judge Morris's well-reasoned decision that Appellant was collaterally estopped from challenging Appellee's standing. (*See* Ex. 22 at 17:24-18:21 (Transcript)).

"In New York, collateral estoppel has two essential elements. 'First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination.'" *Jenkins* v. *City of New*

**CONCLUSION**

For the reasons set forth in this Opinion, the Order of the Bankruptcy Court is AFFIRMED, and Appellant's appeal is DISMISSED. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: April 29, 2021
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

*York*, 478 F.3d 76, 85 (2d Cir. 2007) (quoting *Juan C.* v. *Cortines*, 89 N.Y.2d 659, 667 (1997)). "'The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues ... whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue.'" *Evans* v. *Ottimo*, 469 F.3d 278, 281-82 (2d Cir. 2006) (alteration in *Evans*) (quoting *Kaufman* v. *Eli Lilly & Co.*, 65 N.Y.2d 449, 456 (1985)).

The Court agrees with the Bankruptcy Court that both elements are met here, as the state trial and appellate court decisions in the Foreclosure Action clearly establish that (i) "[Appellant] defaulted on his loan, that [Appellee] is the holder of the note and has standing to begin foreclosure actions" (Ex. 22 at 18:3-5 (Transcript)), and (ii) "[t]he state ... court records provided by [Appellee] show that [Appellant] had a full and fair opportunity to litigate this issue" (*id.* at 18:9-11). The Court has considered Appellant's other arguments to the contrary (*see* Dkt. #5, 15) and finds them to be unavailing. Accordingly, even if Appellant's appeal were not moot, the Court would not be able to grant him the relief he seeks.